THOMAS M. BURTON (035856)
5820 Stoneridge Mall Road, Suite 100
Pleasanton, California 94588
(925) 484-3233
(925) 463-1560

P.O. Box 427
West Jordan, Utah 84084
(801) 556-3711
(801) 562-9352

Attorney for Plaintiffs Alva

RECEIVED CLERK

FILED

2001 AUG -7  P 9: 51

U.S. DISTRICT COURT
DISTRICT OF UTAH

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SERGIO ALVA, LUZ ALVA, and SILVIO ALVA.<br><br>  Plaintiffs,<br><br>  v.<br><br>TEEN HELP, a partnership;; WORLDWIDE ASSOCIATION OF SPECIALTY PROGRAMS, a corporation; ; RESOURCE REALIZATIONS, a corporation ; R&B BILLING, a corporation; DIXIE CONTRACT SERVICES, a corporation; TEEN ESCORT SERVICES, a corporation; KEN KAY; ROBERT B. LICHFIELD; KARR FARNSWORTH; BRENT M. FACER,<br><br>  Defendants<br>_____/ | No. 2:00CV-00169C<br><br>**SURREPLY TO REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE FIRST AMENDED COMPLAINT** |

1



## THIS COURT IS COLLATERALLY ESTOPPED BY THE PREVIOUS DECISION OF THIS COURT IN *DOUBININ* FROM DISALLOWING THE FIRST AMENDED COMPLAINTS OF ALVA, BOWMAN AND KIMZEY AGAINST THE SAME DEFENDANTS ON THE SAME CAUSES OF ACTION

Under the doctrine of collateral estoppel, or issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different causes of action involving a party to the prior litigation. This Court denied the same defendants' motion in the case of Alex Doubinin as is here made against the Alva, Bowman and Kimzey First Amended Complaints in the same Court. Moreover, the causes of action are also the same.

Furthermore, the Doubinin case determined issues of fact regarding the same plaintiffs' counsel in *Doubinin* as is representing the plaintiffs Alva, Bowman and Kimzey. The issue preclusion doctrine prevents a party from relitigating an issue that the party has already litigated and lost, and thus protects the plaintiffs from having repeatedly to relitigate the issues, *Montana v. United States,* (1979) 440 U.S. 147, 153; Moore's Federal Practice 3d §132.01

The purpose of the doctrine relieves parties of the cost and vexation of multiple lawsuits, prevents inconsistent decisions, encourages reliance on adjudication by minimizing the possibility of inconsistent decisions, and conserves judicial resources, (1980) *Allen v. McCurry*, 449 U.S. 90, 94. *Parklane Hosiery Co. v. Shores*, (1979) 439 U.S. 322, 326. It also tends to prevent judicial embarrassment resulting from inconsistent determinations, *Butler v. Pollard*, 800 F.2d 223, 225 (10th Cir. 1986).("When a trial court erroneously denies preclusion and makes findings inconsistent with earlier findings, the embarrassment of

2

inconsistent findings has already occurred.").

The term "issue" in the doctrine of issue preclusion always occurs in a concrete procedural context interwoven with specific factual, legal, and procedural considerations, Moore, supra, at §132.02. Just so, in this case. This Court has already decided in the Doubinin case brought against the same defendants on the same causes of action that Mr. Burton is entitled to practice in this Court and that the Doubinin plaintiffs need not have sought permission to file their First Amended Complaint.

In *Doubinin*, the defendants' unopposed motion to dismiss was not a responsive pleading to the initial complaint within the purview of Rule 15(a). The Court cited, as authority, *Adams v. Campbell County School District*, 483 F.2d 1352 (10th Cir. 1973), which held as follows:

> Plaintiffs were confronted with a motion to dismiss for failure to state a claim. A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a),...[citing case], and under that rule a plaintiff may amend his pleading once as a matter of course at any time before a responsive pleading is filed.", at p. 1353.

The same defendants in the Alva, Bowman, and Kimzey cases wish to relitigate the very issues decided by this Court in the Doubinin case. They are not entitled to do so. The issues decided in all of the cases is the same. Where, as here, there is issue identity, issue preclusion applies to bar reconsideration of the decision, *Frandsen v. Westinghouse Corp.*, 46 F.3d 975 (10th Cir. 1995).

Issue preclusion applies to rulings of law as well as to findings of fact. Therefore, an issue of fact or law actually litigated and decided by a court of

competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties, *Jarvis v. Nobel/Sysco Food Servs. Co.*, 985 F.2d 1419, 1425 (10th Cir. 1993), Moore, *supra*, §132.02[5][a]("[I]ssue preclusion applies to questions of law unless they 'involve unrelated subject matter.'").

Accordingly, Defendants' efforts to obtain a different result in *Alva, Bowman*, and *Kimzey* than was obtained in *Doubinin* cannot succeed, and Judge Boyce's May 24, 2001 Order denying the same defendants' motion to strike plaintiffs' First Amended Complaint in *Doubinin* compels the same decision on the same defendants' motion to strike the plaintiff Alva, Bowman, and Kimzeys' First Amended Complaint as well.

**THE INiTIAL COMPLAINT SUPPLIED SUFFICIENT FACTS TO PUT DEFENDANTS ON NOTICE AS TO THE ALLEGATIONS ALLEGED AGAINST THEM IN CONCERT, SOME OF WHICH WERE NOT SUBJECT TO ANY MOTION TO DISMISS AND AS TO WHICH THE DEFENDANTS ARE IN DEFAULT**

Paragraphs 10 through 15 of the initial complaint alleged:

> 10. Robert B. Lichfield is an owner, partner, shareholder, or otherwise <u>directs the conduct and activities of each and every named corporate or partnership defendant</u>. He is a citizen of the State of Utah.
>
> 11. Karr Farnsworth is an owner, partner, shareholder, or otherwise <u>directs the conduct and activities of each and every named entity defendant</u>. He was, at all times material, the director of Cross Creek Manor. He is a citizen of the State of Utah.
>
> 12. Brent M. Facer is an owner, partner, shareholder, or otherwise <u>directs the conduct and activities of each and every named entity defendant</u>. He is a citizen of the State of Utah.(Emphasis added)

4

The allegations as to each entity defendant, including Paradise Cove, asserted that it was under the control of the identified individual defendants:

> It is the alter ego of each and every other named defendant, being under the control of and responsible to a centralized governing group of the named <u>individual defendants</u>, among others, ¶¶ 4 through 9. (Emphasis added)

Paragraph 15 alleged:

> 15. In all things herein alleged and at all times material, all defendants were acting as agents for, or joint venturers with, the other defendants.

The Paradise Cove allegations in paragraph 23 and 25 refer to the "defendants". All of the prior allegations were incorporated by reference in the Third Cause of Action for False Imprisonment and the Fifth Cause of Action for Breach of Fiduciary Duty. The prayers with respect to these two causes of action run against the "defendants".

Separate and aside from the alter ego allegations having been dismissed without prejudice, the initial complaint, taken in its entirety clearly alleged that whatever happened in Samoa was run by the individual defendants from Southern Utah. The individual defendants, therefore, were remiss and took the risk that by not moving to dismiss the causes of action for breach of fiduciary duty and false imprisonment, they might be in default. Plaintiffs duly made application for the entry of default, and then requested the entry of default judgment pursuant to FRCP Rule 55. Even were Plaintiffs not entitled, at this

5

stage, to a default judgment, the defendants, at least, are not entitled to claim, as they do, that those two causes of action neither dismissed nor answered, were not alleged against them.

Defendants' repeated efforts to have this case dismissed on numerous technicalities is not supported by the liberal pleading requirements of federal law. Defendants know what this case is about. They are in possession of all of the facts, which Plaintiffs have not yet been able to access. It cannot be disputed that the defendants deprived the Sergio Alva of his freedom against his will and without his consent. There may be disputes of fact as to what actually occurred, but those details are matters for the trier of fact. There is no question that Sergio has a right to his day in court with respect to the deprivation of his liberty and his parents to the breach of the trust they placed in the defendants and for which they paid, and which they claim was betrayed.

The Federal Rules provide for "notice pleading." The pleadings need not allege facts constituting the claim for relief or defense. They need only give fair notice of the pleader's claim so that opposing parties can respond and undertake discovery and prepare for trial, *Conley v. Gibson* (1957) 355 U.S. 41, 45-46. Federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit* (1993) 507 U.S. 163, 168.

The Federal Rules of Civil Procedure govern the sufficiency of a pleading in federal actions, even those based on diversity jurisdiction, *FSLIC v. Texas Real Estate Counselors* 955 F.2d 261 (5th Cir. 1992). Federal pleading requirements are extremely liberal. The rules are designed specifically to minimize disputes over

pleading technicalities, FRCP, Rules 1, 8.   Pleadings are construed liberally in favor of the pleader, and when challenged, all of the material allegations are taken as true, *Jenkins v. McKeithen* 404 US 411, 421 (1959).  Where, as here, the plaintiffs have alleged group conduct among the defendants which is continuing, allegations that "defendants" committed described acts covers each member of the group, I*n re Equity Funding Corp. Of America Sec. Litig.*, 416 F.Supp. 161, 181 (CD Cal 1976).

## CONCLUSION

For the reasons above stated, Plaintiffs are entitled to pursue their First Amended Complaint, and the defendants are in default with respect to the causes of action for false imprisonment and for breach of fiduciary duty.  Furthermore, Plaintiffs rely upon the <u>Order</u> made in the context of these five cases before Judges Campbell and Stewart by Judge Ronald Boyce, which is again incorporated by this reference.

Dated: August 6, 2001

_____
Thomas M. Burton

## PROOF OF SERVICE

I am a citizen of the United States, and am over the age of eighteen (18) years. I reside and am employed in Pleasanton, California and am not a party to the within action; my business address is 5820 Stoneridge Mall Road, Suite 100, Pleasanton, California 94588.

On August 8, 2001, I served

**SURREPLY TO REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE FIRST AMENDED COMPLAINT**

in said action by placing a true and correct copy thereof, postage prepayed, according to our office delivery system, and addressed to:

Fred Silvester, Esq.
Silvester & Conroy
230 South 5th East, Suite 590
Salt Lake City, Utah 84102

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 8th, 2001 at Salt Lake City, Utah.

Thomas M. Burton